IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EVA P. ORTIZ-ROSARIO, etc.,<br><br>Plaintiffs,<br>TOYS "R" US PUERTO RICO, INC., etc.,<br><br>Defendants. | Civil No. 05-2098 (DRD) |

## OPINION AND ORDER

Pending before this court is Defendant Toys "R" Us ("Defendant") *Motion to Dismiss,* (Docket No. 23), for failure to state a claim in the complaint filed by Plaintiffs Eva P. Ortiz-Rosario ("Mrs. Ortiz") and her daughter Mildred Garcia-Ortiz ("Mrs. García"), for the violation of 42 U.S.C. §§ 1981, 1982, 1985; Articles 1802 and 1803 of the Civil Code of the Commonwealth of Puerto Rico, 31 L.P.R.A. §§ 5141, 5142, and 1 L.P.R.A. § 13. Plaintiff filed an objection, (Docket No. 29). For the reasons set forth below, the motion to dismiss is granted.

### Factual Background

On October 14, 2005, Mrs. Ortiz filed the instant complaint under 42 U.S.C. § 1981 ("Equal rights under the law"), § 1982 ("Property rights of citizens"); § 1985 ("Conspiracy to interfere with civil rights"), as well as relief under applicable Puerto Rico law. Plaintiffs pray for this court to exercise supplemental jurisdiction over the local state claims.

As stated in the complaint, Mrs. Ortiz is a black Puerto Rican woman, in her early fifties, who alleges that, on October 15, 2004, at approximately 10:40 a.m., she, her daughter Mrs. García and her granddaughter, a three (3) month old infant, who was wearing a wrist rattle, entered Toys "R" Us in San Juan, Puerto Rico, to effectuate a purchase. Mrs. Ortiz first directed herself to the Customer Service counter to request a gift list pertaining to a friend's baby shower. After obtaining

the list, Mrs. Ortiz went to the store's baby department to preview items on the list. Unable to find a particular item that she was looking for, Mrs. Ortiz searched for an employee to assist her. However, the employee was already on her way, and approached to Mrs. Ortiz, accompanied by the store's security guard. The employee showed Mrs. Ortiz an empty wrist rattle package, identical to the one Mrs. Ortiz's granddaughter was wearing, and demanded that Mrs. Ortiz pay for the rattles when she arrived at the register. Mrs. Ortiz expressed surprise at the demand, at which point the employee made clear to Mrs. Ortiz that she was being accused of shoplifting. The employee was allegedly under the impression that the particular brand of wrist rattles in question was sold exclusively at Toys R Us, and for this reason did not believe Mrs. Ortiz's assertion that she bought the wrist rattles elsewhere. Mrs. Ortiz notes that at the moment in which the confrontation occurred, Mrs. Ortiz was the only black woman in the store's baby department.

    Mrs. Ortiz was prevented from leaving the store by the security guard and Toys R Us' employee. Mrs. Ortiz subsequently went to the check-out area and requested the presence of a store manager. Mrs. Ortiz asked the first manager to arrive at the scene to provide her with the phone number for the police. The manager responded that he did not know the number. Soon afterwards a second manager arrived. The second manager requested proof of purchase of the wrist rattles, or that Mrs. Ortiz return the merchandise. It is unclear from Mrs. Ortiz' factual allegations whether either manager was present when shortly thereafter the security guard asked Mrs. Ortiz whether she was Dominican, to which Mrs. Ortiz responded in the negative.[1]

    The second manager then returned to the scene escorted by two police officers. The officers

---

[1] The allusion as to "Dominican" is not per se indicative race in pejorative or demeaning form as opposed to "boy". ASH v. Tyson Foods, Inc., 546 U.S. 454 (2006).

2

ordered Mrs. Ortiz to accompany them to the store's security area where a third police officer awaited them. Mrs. Ortiz was allegedly denied permission to leave the store to retrieve baby food for her granddaughter from her car, which was located in the store's parking lot. At this time, Mrs. García arrived at the scene.

Soon afterwards, Mrs. Ortiz' oldest daughter arrived at the store with four (4) baby products, one of them a wrist rattle identical to the one in controversy, of the same brand which Toys "R" Us employee thought to be exclusive to Toys "R" Us, but purchased at a competing location. Police officers subsequently declared that there was no evidence of shoplifting against Mrs. Ortiz and she was then free to go. There are no allegations as to a formal arrest but the allegations clearly sustain a detention. Both managers then walked away from Mrs. Ortiz. When confronted by Mrs. Ortiz, the managers responded that their employees were always trying to improve at their jobs before continuing to walk away. The incident ended at approximately 1:00 p.m., therefore lasting a total of two (2) hours and twenty (20) minutes.

Mrs. Ortiz alleges that, based on the preceding facts, Toys "R" Us personnel impaired her ability to make and enforce a mercantile contract due to race and national origin discrimination, and that the events are thus actionable under 42 U.S.C. §§ 1981, 1982, and 1985. Mrs. García alleges that she is entitled to relief due to the mental anguish that she allegedly suffered when she arrived to find her mother and child detained at the store.

Defendant filed the instant *Motion to Dismiss* by alleging that the facts of the event fail to state a federal cause of action and that subject matter jurisdiction is lacking because the facts only give rise to a state action of tort under Article 802 of the Puerto Rico Civil Code. Mrs. Ortiz opposes dismissal by restating the facts presented above.

**Motion to Dismiss Standard**

The standard for a Motion to Dismiss is rather simple.

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubts that plaintiff can prove no set of facts in support of his claim which will entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Plaintiff must at least set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández Agosto, 75 F.3d 23, 28, N. 2 (9th Cir. 1996). Further, recently, the Supreme Court clarified that, the court must also examine at Motion to Dismiss level under Fed.R.Civ.P. 12(b)(6) whether the case also complies with Fed.R. Civ. P. 8(a) by "a showing rather than a blanket assertion of entitlement of relief." Bell Atlantic Corporation, 127 S.Ct. 1955, 1965, N. 3, 550 US ___ (2007). However, the court is not obligated to accept plaintiffs "bald assertions, unsupportable conclusions, periphastive circumstances and the like. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). The court must only accept "well pleaded facts" to justify the legal conclusions. Litton Industries, Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978).

**42 U.S.C. §§ 1981 and 1982**

42 U.S.C. § 1981 states in pertinent part:

(a) Statement of equal rights

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts [...], and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens [...].

(b) "Make and enforce contracts" defined

> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." To state a claim under this statute, a plaintiff must show (1) that he is a member of a racial minority, (2) that the defendant discriminated against him on the basis of his race, and (3) that the discrimination implicated one or more of the activities enumerated in the statute. Garrett v. Tandy Corporation, 295 F.3d 94, 98 (1st Cir. 2002).

A claim under 42 U.S.C. § 1982, property rights of citizens, states that: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens, thereof to inherit, *purchase*, lease, sell, hold and convey real and personal property." (Emphasis added). Due to the similar wording and common lineage of 42 U.S.C. §§ 1981 and 1982, the statutes are traditionally construed *in pari materia*. Runyon v. McCrary, 477 U.S. 160, 171 (1976); *See also* Garrett v. Tandy Corporation, 295 F.3d 94, 102 (1st Cir. 2002).

## 42 U.S.C. § 1985

The applicable portion of 42 U.S.C. § 1985 states:

> (3) Depriving persons of rights or privileges
>> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws [...], in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

To state a claim under § 1985(3) a plaintiff must allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal

5

protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996).

A conspiracy is an agreement between two or more persons, including the defendant, to commit an unlawful offense. United States v. Moran, 984 F.2d 1299, 1302 (1st Cir.1993); United States v. Echeverri, 982 F.2d 675, 679 (1st Cir.1993). "To determine whether a single agreement existed between a defendant and his coconspirators, courts consider the totality of the circumstances, paying particular heed to factors such as the existence of a common goal, evidence of interdependence among the participants, and the degree to which their roles overlap." U.S. v. Fenton, 367 F.3d 14, 19 (1st Cir. 2004).

## Discussion

After carefully considering the facts as alleged by plaintiffs, the Court finds that the events that took place at Toys "R" Us on October 15, 2004, fail to reach the threshold of an actionable offense under 42 U.S.C. §§ 1981, 1982 or 1985. As such, Defendant's *Motion to Dismiss* is to be **GRANTED** under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and supplemental jurisdiction is **DENIED** over the claims arising under local statute as permitted by 28 U.S.C.A. § 1367 (c)(3). The court explains.

## 42 U.S.C. §§ 1981 and 1982

In order to state a claim under 42 U.S.C. § 1981, the Plaintiff must show (1) that she is a member of a racial minority, (2) that the defendant discriminated against her on the basis of her race, and (3) that the discrimination implicated one or more of the activities enumerated in the statute. Tandy Corporation, *supra* at 98; *See also* Morris v. Dillard Dep't Stores, Inc., 277 F.3d 745, 751

(5th Cir. 2001). Because Mrs. Ortiz has failed to plead facts which satisfy the third prong of the rule, the complaint must be dismissed as to section 1981.

The discriminative activity of which Defendant is charged is allegedly violating Mrs. Ortiz' right to make and enforce contracts. The First Circuit has upheld that a retail customer must plead that he or she was actually denied the ability to enter into a contract to satisfy the foundational pleading requirements of a suit under section 1981. Garrett v. Tandy, *supra* at 100-101. However, dampening a customer's ardor to effectuate a contract is not an actual loss of a contractual interest upon which relief can be granted. *Id.* at 102.

The facts as stated in the complaint do not show that Defendant refused to sell Mrs. Ortiz an item which she wished to purchase, nor that she was asked to leave the store before she completed her purchase, nor that she was refused service, nor that she was denied access to the store because of her race so that she could not effectuate such a purchase. *See e.g.* Morris v. Dillard Department Stores, 277 F.3d 743, (5th Cir. 2001) (no contractual interest was lost where plaintiff left store of her own accord without attempting to make a purchase); *See also* Christian v. Wal-Mart Stores, 252 F.3d 862 (6th Cir. 2001) (cause of action existed because plaintiff was asked to leave the store after being accused of shoplifting and could therefore not complete her purchase). Instead, after evidence was shown to the store management that she did not shoplift the rattle as she was accused, management left her by herself inside the store. There are no allegations that Mrs. Ortiz, had she wished, could have conceivably consummated the purchase of the items she was intending to buy. For this reason, we conclude that the complaint fails to state an actionable claim under 42 U.S.C. § 1981 and must therefore be dismissed as to this section of the law.

Because 42 U.S.C. § 1981 and § 1982 are traditionally construed *in pari materia*, the analysis of § 1981 in the context of this case applies with equal force to any claim Mrs. Ortiz has under section 1982. Garrett v. Tandy at 103. In other words, the facts set forth in the complaint fail to show that Mrs. Ortiz was unable to purchase personal property because she was racially discriminated against by store employees. Critical to our analysis is that under 42 U.S.C. §1981 a plaintiff may choose to prove a claim under either under direct evidence or by the judiciary created burden shifting proof scheme as set out by the Supreme Court in McDonald Douglas Corp. v. Green, 411 U.S. 792 (1973); United Postal Workers v. Aikens, 460 U.S. 711, 714, N. 3 (1983); Hawkins v. PepsiCo, Inc., 203 F.3d 274, 278 (4th Cir. 2000) (§1981 claims). The case seen under McDonald Douglas burden shifting falls since plaintiff accepting that she establishes a prima facie case, cannot surpass the articulation of a valid business reason in that the Toys "R" Us even if mistaken stopped her because they thought she was shoplifting an item.

As to a case based on direct evidence she must show the following:

(1) She is a member of a said minority.

(2) The defendant attempted to discriminate against her.

(3) The discrimination concerned a privilege against her under § 1981. Morris v. Dillard Dept. Stores, Inc., 275 F.3d 743, 751 (5ht Cir. 2001). Plaintiff complies with the first and their requirements but falters as to the second requirement. The reason for her stoppage is not race but a valid articulated reason to the effect that she was thought to be shoplifting, even if later found to be mistaken. She failed to aver that the reason was a sham in that other non African Americans in the same position would not have received the same treatment. Hence, her claim is deficient in allegations.

Therefore, Mrs. Ortiz's claim under 42 U.S.C. § 1982 must also be dismissed.

## 42 U.S.C. § 1985

Because Mrs. Ortiz makes bare assertions as to the existence of a conspiracy under § 1985 and does not plead any facts which support her allegation, her claim under 42 U.S.C. § 1985 must be dismissed.  As was stated by the Supreme Court in Bell Atlantic v. Twombly, *supra*, that "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Furthermore, "[a]sking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Id.* Even if allowed to proceed to discovery the facts occurred as pleaded by Mrs. Ortiz, do not reasonably raise the expectation that evidence will be found during discovery that the managers and employees of Toys "R" Us conspired to deprive Mrs. Ortiz of her right to make a purchase.  For this reason, Mrs. Ortiz's claim under 42 U.S.C. § 1985 is dismissed.  Moreover, there is no pleading that the reason of the company constitutes a sham or a pretext since the same action would not have been taken against non african persons.[2]

## Final Note

The Court notes that defendant's behavior towards plaintiffs, on the date of the events, however regrettable, does not constitute an actionable offense under 42 U.S.C. §§ 1981, 1982 or

---

[2] The instant case parallels the unpublished opinion of the 4th Circuit entered on February of 2004 in the case of Johnson v. Toys "R" Us- Delaware Incorporated found at 2004 W.L. 324545 (C.A. 4 Md.). In this case, under a similar factual scenario involving an Afro American shoplifter, the court denied a claim based on a summary judgment request.

1985. She has, however, a valid prima facie case against the defendant based on an illegal detention under Puerto Rican law under §1802.

## Conclusion

For the reasons set forth above, defendants' *Motion To Dismiss* (Docket No. 23) is hereby granted. The Court, in its discretion, declines to exercise Supplemental Jurisdiction over claims arising under state law, as there is no actionable cause under federal law. <u>Rodríguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995). Hence, this case is dismissed with prejudice as to federal claims, and dismissed without prejudice as to supplemental state claims. Judgment will be entered accordingly.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 30th day of September, 2007.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
U.S. District Judge